**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

**CIVIL ACTION NO. 10-38-C**

**KIM JOHNSON,**                                                                                             **PLAINTIFF,**

**V.**                 **MEMORANDUM OPINION AND ORDER**

**KENTUCKY STATE POLICE, ET AL.,**                           **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the defendants' motion to dismiss claims against them in their official capacities (R. 4), and the motion of the defendants Gregory Baird, Jeff Suratt, and Jamie Heller to dismiss claims against them in their individual capacities (R. 8). The court will grant the defendants' motions because they are entitled to measures of immunity, and because the plaintiff's complaint does not provide sufficient factual allegations to plausibly suggest entitlement to relief for claims against Baird, Suratt, and Heller.

This suit arises from events on May 23, 2009, at a gasoline station in Lebanon, Kentucky. The facts, according to the plaintiff, and accepted as true at this stage of the litigation, *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), are as follows:

The plaintiff was sitting in the driver's seat of a vehicle. Various members of her family were present. While in the vehicle, the plaintiff became involved in a physical confrontation with her daughter, Vanessa Smith. Smith struck the plaintiff. Kentucky State Troopers John Adams, Fred Cornett, and three other

officers were nearby on the scene and witnessed the commotion. Adams approached and asked the plaintiff to exit the vehicle. The plaintiff indicated that she had done nothing wrong, and that she did not intend to get out. Adams did not tell the plaintiff that she was under arrest. After a period of time passed and she had not stepped out of the vehicle, Adams employed a taser on the plaintiff. He stopped, then tased her a second time. Adams forced the plaintiff out of the vehicle and onto the asphalt-covered ground, face-down. He cuffed her hands behind her back, then tased her a third time. The plaintiff was charged with disorderly conduct in the first degree, alcohol intoxication in a public place, and resisting arrest and assault in the fourth degree. Based on events that day, the plaintiff filed suit against Adams and Cornett, as well as officers that were not present at the scene of the events, Captain Gregory Baird, Lieutenant Jeff Suratt, and Sergeant Jamie Heller of the Kentucky State Police. She sued all of the defendants in their official and individual capacities for violations of 42 U.S.C. § 1983, malicious prosecution, false arrest and imprisonment, assault, battery, and various degrees of negligence and infliction of emotional distress. *See* R. 1.

"[A] plaintiff cannot sue a state agency or any of its employees in their official capacities for monetary damages." *Turker v. Ohio Dep't of Rehabilitation & Corrections*, 157 F.3d 453, 456 (6th Cir. 1998). "§ 1983 creates no remedy against a State." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 526 (6th Cir. 2004) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997)).

Further, "a federal court cannot entertain a lawsuit against state officials for violations of state law unless the state has waived its immunity under the Eleventh Amendment." *Turker*, 157 F.3d at 457. Kentucky has not waived immunity in this case. *See* R. 4. Therefore, the claims against the defendants in their official capacities will be dismissed.

The defendants Baird, Suratt, and Heller also move to dismiss claims against them in their individual capacities. Stationed at Post 15 in Columbia, Kentucky, none of the three was at the scene of the events that gave rise to the suit. The plaintiff claims that all of the defendants "knowingly participated or acquiesced in, contributed to, encouraged, implicitly authorized or approved the conduct . . . ." R. 1. However, there is no factual allegation in the complaint that renders plausible misconduct that was "perpetrated pursuant to official policy or with the tacit authorization" of Baird, Suratt, or Heller, "essential elements of § 1983 liability." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 492 (6th Cir. 2006) (citing *Doe v. Claiborne Co.*, 103 F.3d 495, 507, 513 (1996)). "[V]icarious liability is inapplicable to . . . § 1983 suits," so "a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. To survive Baird, Suratt, and Heller's motion to dismiss, then, the complaint must contain "sufficient factual matter" concerning their individual actions, "accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007)). However, the plaintiff pleaded no factual basis for "active unconstitutional behavior" on which liability must be based. *See Doe v. City of Roseville*, 296 F.3d 431, 439-40 (6th Cir. 2002). The facts pleaded do not show that Baird, Suratt, and Heller took any action in regard to the plaintiff, including that which "violate[s] clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Therefore, there are no federal claims against Baird, Suratt, and Heller which will survive their motion to dismiss.

Similarly, the plaintiff's complaint fails to plead sufficient factual allegations in regard to the various state law claims against Baird, Suratt, and Heller. While they were likely performing discretionary functions for which they are entitled to qualified immunity from state law claims, *see generally Rowan County v. Sloas*, 201 S.W.3d 469 (Ky. 2006); *Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001), the court need not decide the question because the plaintiff has not pleaded factual allegations against those three officers that plausibly give rise to an entitlement for relief. *See Iqbal*, 129 S. Ct. at 1950. The plaintiff merely alleges that "[t]he individual Defendants named above knowingly participated or acquiesced in, contributed to, encouraged, implicitly authorized or approved the conduct . . . ."[1] However, there is no mention of facts as to when, where, why, or how Baird, Suratt, or Heller acted to commit malicious prosecution, false arrest and

---

[1] The plaintiff alleges a failure to adequately hire, train, and supervise by the defendant Kentucky State Police, but not by Baird, Suratt, or Heller. *See* R. 1.

imprisonment, assault, battery, and various degrees of negligence and infliction of emotional distress. Indeed, Baird, Suratt, and Heller are not mentioned at all in the section of the complaint entitled, "Facts." *See* R. 1. Though the plaintiff need not have produced "detailed factual allegations," the federal pleading standard under Federal Rule of Civil Procedure 8(a)(2) asks for more than that which is "merely consistent with . . . liability," and "more than a sheer possibility" that Baird, Suratt, and Heller acted unlawfully. *Iqbal*, 129 S. Ct. at 1949. Accordingly,

**IT IS ORDERED** that the defendants' motion to dismiss claims against them in their official capacities (R. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion of the defendants Gregory Baird, Jeff Suratt, and Jamie Heller to dismiss claims against them in their individual capacities (R. 8) is **GRANTED**.

Signed on May 7, 2010

**Jennifer B. Coffman, Judge**
**United States District Court**